**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re<br><br>JANE B. PICCERELLI,<br><br>                              **Debtors**<br><br>BRAD J. PICCERELLI and<br>CARLA AUDETTE,<br><br>                              **Plaintiffs**<br><br>v.<br><br>JANE B. PICCERELLI and<br>DAVID B. MADOFF, as he is<br>  Chapter 7 Trustee,<br><br>                              **Defendants** | Chapter 7<br>Case No. 12-17663-FJB<br><br><br><br><br><br>Adversary Proceeding<br>No. 13-1062 |

**MEMORANDUM OF DECISION**

By their complaint in this adversary proceeding, plaintiffs Brad Piccerelli and Carla Audette (the "Plaintiffs") seek a determination against both the chapter 7 trustee, David Madoff (the "Trustee"), and the debtor, Jane Piccerelli (the "Debtor"), that the Debtor's interest in certain real property, located at 55 Barneyville Road, Swansea Massachusetts (the "Property"), is subject to a constructive trust in their favor and therefore, to the extent of the constructive trust, is not property of her bankruptcy estate. They contend that, under Massachusetts law, a constructive trust arises from the Debtor's prepetition contractual agreement with the Plaintiffs' father to convey the Property to the Plaintiffs, subject to a life estate in herself.

The adversary proceeding is before the court on motions of all four parties for summary judgment. The defendants contend that summary judgment should enter for them because the

Plaintiffs have failed to allege, much less adduce evidence establishing, that cause exists to impose a constructive trust on the Property. For the reasons set forth below, the Court agrees that the defendants are entitled to judgment as a matter of law.

**PROCEDURAL HISTORY**

The procedural history is as follows. On September 20, 2012, the Debtor filed a petition for relief under chapter 7, commencing this bankruptcy case. In schedules she filed in her bankruptcy case, she listed the Property as an asset without qualification—that is, not as a mere life estate—and claimed her interest in the Property as exempt to the extent of $162,174.66. She claimed this exemption under 11 U.S.C. § 522(b)(1) and (3) (together permitting a debtor to avail herself to the exemptions available to her under applicable state law) and Mass. Gen. Laws c.188, § 1 (the Massachusetts homestead exemption statute). The amount of her claimed exemption is the difference between the value she assigned to the Property in her Schedule of Real Property, $212,300, and the amount that she stated in her Schedule of Creditors Holding Secured Claims was owing on the mortgage encumbering the Property, $50,125.34. This mortgage is the only listed encumbrance on the Property. No objection was filed to the claim of exemption, and the time to object has expired. The Debtor has received a discharge in the case.

On December 6, 2012, the Trustee filed a stipulation between himself and the Debtor (the "Stipulation") and a motion for approval thereof. But for this Stipulation, the Debtor could have exempted the net value of the estate's interest in the Property in full, as a result of which the estate and creditors would have received no benefit from its liquidation, and the Trustee would likely have simply abandoned the Property to the Debtor. The Debtor desired that the Trustee liquidate the Property for her benefit, but he was unwilling to do so without a benefit to the estate, and therefore they reached the agreement embodied in the Stipulation. Under the Stipulation, the Trustee would market and sell the Property and share its net proceeds—the proceeds remaining after satisfaction of the mortgage and

2

costs of sale—with the Debtor equally: half to the Debtor on account of her claim of exemption, and the balance to the bankruptcy estate for distribution in the normal course. Only the Plaintiffs objected, arguing that the Property is subject to a constructive trust in their favor to the extent of the remainder interest that they contend the Debtor was contractually obligated to convey to them, and therefore that the remainder interest is not the estate's to sell. The Court granted the motion without prejudice to the Plaintiffs' right to commence an adversary proceeding for determination of the validity of their asserted interest and to oppose sale of their alleged interest in the Property.

The Plaintiffs then commenced the present adversary proceeding against both the Debtor and the Trustee. By their amended complaint in this adversary proceeding, they seek (i) a declaration that a constructive trust arose when the Debtor refused to honor her contractual obligation to convey the Property to the Plaintiffs; (ii) in the alternative, a declaration that a constructive trust arose when, in a prepetition state court action they brought against the Debtor, the jury returned a verdict determining that the Debtor's refusal to convey the Property constituted a breach of contract; and (iii) on the basis of the determination that a constructive trust arose before the bankruptcy filing, a further declaration that the Property is not property of the bankruptcy estate and, accordingly, not subject to distribution in bankruptcy. The Trustee has elected not to proceed with a sale of the Property until the present proceeding is resolved.

The Trustee moved first for summary judgment, and, on the same day, the Debtor separately moved for summary judgment by simply adopting the Trustee's motion and supporting arguments. The Trustee's motion is thus effectively a joint motion. The Trustee admits the truth of the facts alleged in the amended complaint and argues that the facts so established do not entitle the Plaintiffs to the relief they seek. In response to the Trustee's motion, the Plaintiffs filed a combined opposition and cross-motion for summary judgment. In their opposition, the Plaintiffs argue (i) that the issue of whether a constructive trust has arisen is a fact-intensive one as to which the defendants have not established that

there is no genuine issue of material fact and (ii) that even on the facts as presented by the Trustee, it is the Plaintiffs and not the defendants who are entitled to judgment as a matter of law.  The latter argument is also the basis of the Plaintiffs' cross-motion for summary judgment.   In support of their opposition and cross-motion, the Plaintiffs have submitted the amended complaint, trial transcript, and jury verdict from a state court action they brought against the Debtor.  Though they have submitted the trial transcript, they have not cited to it to establish any particular fact, or indeed for any purpose at all.[1]

**JURISDICTION**

The matter before the court is a complaint under 11 U.S.C. § 541(a) and (d) to determine whether certain property of which the Debtor has at least legal title is property of her bankruptcy estate; viewed another way, as the Plaintiffs themselves characterize it, the proceeding is one to determine the priority of the plaintiffs' claim.  The matter arises in a bankruptcy case and (in part) under the Bankruptcy Code and therefore falls within the jurisdiction given the district court in 28 U.S.C. § 1334(b) and, by standing order of reference, referred to the bankruptcy court pursuant to 28 U.S.C. § 157(a).  It is a core proceeding.  28 U.S.C. § 157(b)(2)(B) (core proceedings includes allowance or disallowance of claims against the estate).  This court accordingly has authority to enter final judgment on the matter.  28 U.S.C. § 157(b)(1).  Even if the complaint were not a core proceeding, all four parties have assented to this court's entering final judgment, and the court would accordingly have authority to do so under 28 U.S.C. § 157(c)(2).

---

[1] Fed. R. Civ. P. 56(c)(1)(A) places the burden on a party to identify "particular parts" of the record that support its motion or opposition.  This requirement is reflected also in the applicable local rules, including LR 56.1 (D.Mass), which the local rules of the bankruptcy court for this district adopt and make applicable in this proceeding.  MLRB 7056-1.  It is simply not sufficient to attach voluminous materials, such as an entire deposition or trial transcript, and expect the court to scour them for parts that help the party offering the materials.  The transcript therefore does not factor into my disposition of the present motions.

**FACTS**

Except where noted otherwise, the following facts are undisputed and uncontroverted. The Debtor and Sorzio Piccerelli ("Sorzio"), who was her husband and the Plaintiffs' father and is now deceased, agreed that two properties they owned would be conveyed to their respective children.[2] Pursuant to this agreement, one property was conveyed to the Debtor's daughter by a previous marriage. At the time of this conveyance, it was the understanding and agreement of the Debtor and Sorzio that the other property, the subject of this adversary proceeding, would be conveyed to the Plaintiffs, both children of Sorzio by a prior marriage, subject to a life estate in favor of the Debtor and Sorzio. Before his death, Sorzio executed a deed to effectuate this transfer, but the Debtor has refused to sign it. Upon Sorzio's death (the parties do not indicate when he died), the Debtor became sole owner of the property.

In 2007, the Plaintiffs commenced a civil action against the Debtor in the Superior Court department of the Trial Court of the Commonwealth of Massachusetts. On May 27, 2008, the Plaintiffs filed a memorandum of lis pendens that served as notice to any and all bona fide purchasers that the Property is subject to a court proceeding. Later, the Plaintiffs filed an amended complaint in the Superior Court Action. In the amended complaint the Plaintiffs, as third-party beneficiaries of the contract between the Debtor and Sorzio, asserted two counts against the Debtor. The first sought monetary damages for breach of the contract to convey the Property. The second demanded specific performance of the contract: conveyance of the Property to the Plaintiffs. It included no count or demand for imposition of a constructive trust. The matter was tried to a jury, which, on April 11, 2012, returned special verdicts determining that an agreement existed between the Debtor and Sorzio and

---

[2] The Trustee concedes the existence of such an agreement for purposes of these motions. The transcript of the trial in the State Court Action establishes a genuine issue as to whether the Debtor ever did enter into such an agreement with Sorzio. The transcript includes testimony on which a trier of fact could reasonably find that no such agreement had been reached.

5

that the Debtor had breached the agreement.[3] The Plaintiffs then submitted to the Superior Court a proposed form of judgment, entitled "Order on the Jury Verdict," that, if entered, would, by its express terms, have immediately required the Debtor to (i) convey the Property to the Plaintiffs subject to a life estate, (ii) make that conveyance free and clear of all encumbrances, including an existing mortgage and all taxes and assessments, and (iii) insure the property to full replacement value for the benefit of the Plaintiffs. No judgment had entered in the action when, on September 20, 2012, the Debtor filed a petition for relief under chapter 7, commencing this bankruptcy case. By operation of the bankruptcy filing, the Superior Court Action has been stayed since that time.

In the bankruptcy case, this Court established February 4, 2013 as the last day to file proofs of claim (the "Bar Date"). As of the Bar Date, six creditors holding claims in the aggregate amount of $58,562.75 had timely filed proofs of claim. On February 15, 2013, and subsequent to the Bar Date, the Plaintiffs filed a proof of claim in the amount of $213,500.00. As set forth in the Plaintiffs' Adversary Proceeding Complaint, the Plaintiffs allege that the amount of their proof of claim represents the full value of the Property as listed by the Debtor in her Schedules.[4] The Plaintiffs acknowledge that the Debtor, in her schedules, valued the Property at $212,300 and represented that the balance owing on the mortgage that encumbers it is $50,125.34; while they do not admit the accuracy or validity of these amounts, the Plaintiffs nonetheless have offered no evidence to the contrary, and therefore I conclude that no genuine issue exists as to either the value of the Property or the amount of the encumbrance.

---

[3] The Special Jury Verdict Slip, as returned, states: "1. Did an agreement exist between the defendant, Jane B. Piccerelli and Sorzio J. Piccerelli? Yes. 2. Did the defendant, Jane B. Piccerelli, breach the agreement? Yes."
[4] There is in fact a discrepancy between the Debtor's valuation of $212,300 and the Plaintiffs' of $213,500, but the difference is small and immaterial. The Trustee has not yet objected to the Plaintiffs' claim but indicates that, if the amount of that claim needs to be determined, he would object on the basis that the Plaintiffs' contractual entitlement is not to the full present value of the property, but to the value of their promised remainder interests, a lesser amount. Neither party has adduced evidence of, or taken a position on, the present value of the remainder interests or of the life estate.

**STANDARD OF REVIEW**

Summary judgment is appropriate when there is no genuine issue of material fact and, on the uncontroverted facts, the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056; *Desmond v. Varrasso (In re Varrasso)*, 37 F.3d 760, 763 (1st Cir. 1994).  Where, as on the Plaintiffs' Motion for Summary Judgment, the burden of proof at trial would fall on the party seeking summary judgment, that party must support its motion with evidence—in the form of affidavits, admissions, depositions, answers to interrogatories, and the like—as to each essential element of its cause of action.  The evidence must be such as would permit the movant at trial to withstand a motion for directed verdict, or now for judgment as a matter of law, under Fed. R. Civ. P. 50(a).  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  Provided it does so, the burden then shifts to the opposing party to adduce evidence that establishes a genuine issue of material fact as to at least one essential element of the moving party's case.  The Court must view all evidence in the light most favorable to the nonmoving party and indulge all inferences favorable to that party.  *Daury v. Smith*, 842 F.2d 9, 11 (1st Cir. 1988).  The ultimate burden of proving the absence of a genuine issue of material fact remains at all times on the moving party.  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Martinez-Rodriguez v. Guevara*, 597 F.3d 414, 419 (1st Cir. 2010), quoting from *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248.  With respect to issues upon which there are cross-motions for summary judgment, each cross-motion must be decided on its own merits, though the court need not consider each in a vacuum.  *See Puerto Rico American Ins. Co. v. Rivera-Vazquez*, 603 F.3d 125, 133 (1st Cir. 2010).

Where the moving party would not bear the burden of proof at trial, the movant's initial burden is simply to demonstrate or point out a lack of evidence to support at least one essential element of the opposing party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  The burden then shifts to

the opposing party to adduce such evidence on each of the disputed elements as at trial would be sufficient to withstand a motion for directed verdict. *Anderson v. Liberty Lobby, Inc.*, *supra*.

**DISCUSSION**

The commencement of a bankruptcy case creates a bankruptcy estate. 11 U.S.C. § 541(a). In relevant part, the estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." However, "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold."

The Debtor undisputedly holds legal title to the Property. She also undisputedly owns all equitable interest in the Property; the Plaintiffs do not contend that the Property is held in an express trust of which the Debtor is trustee and the Plaintiffs are the beneficiaries. What they argue is that under Massachusetts law, this court should, as an equitable *remedy* for the Debtor's failure to honor her contractual obligation to convey the property to them, *treat* the Property as if the equitable interest in it had passed to them before the bankruptcy filing, such that the property was hers in legal title only. That is, they seek the imposition of a constructive trust.

"Congress has generally left the determination of property rights in the asset s of a bankrupt's estate to state law." *Butner v. United States*, 440 U.S. 48, 54, 99 S.Ct. 914, 918 (1979); *Barnhill v. Johnson*, 503 U.S. 393, 398 (1992) ("In the absence of any controlling federal law, 'property' and 'interests in property' are creatures of state law."); *Davis v. Cox*, 356 F.3d 76, 89 (1st Cir. 2004) (the question under federal bankruptcy law is whether the plaintiff held, *under state law*, a viable interest of her own as of the petition date in property then in the debtor's name). The parties agree that insofar as state law may govern this dispute, the state law is that of the Commonwealth of Massachusetts.

8

"Under Massachusetts law, a court will declare a party a constructive trustee of property for the benefit of another if he acquired the property through fraud, mistake, breach of duty, or in other circumstances indicating that he would be unjustly enriched." *Fortin v. Roman Catholic Bishop of Worcester*, 416 Mass. 781, 789 (1994).   See also *Nessralla v. Peck*, 403, Mass. 757, 762-763 (1989) (a court in equity generally may impose a constructive trust in order to avoid the unjust enrichment of one party at the expense of the other where the legal title to the property was obtained by fraud or in violation of a fiduciary relation).   See also RESTATEMENT (FIRST) OF RESTITUTION, § 160 ("Where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched of he were permitted to retain it, a constructive trust arises.").  "It is difficult to define the exact scope of this remedy [the constructive trust] because of the diversity and variety of the different forms which come within its owner." *Barry v. Covich*, 332 Mass. 338, 342 (1955).

The Massachusetts cases on constructive trusts are generally two-party disputes.  But this dispute arises in a bankruptcy case and therefore involves another party and considerations of federal bankruptcy law.  The other party is the Trustee, representing the bankruptcy estate and the creditors of the debtor who have claims against that estate.  The competing considerations are the dictates of the Bankruptcy Code regarding the manner in which property of the estate is to be distributed.  These establish certain rules of priority, as set forth for chapter 7 in 11 U.S.C. § 726, and further embody the principle that creditors of equal priority should share in the assets available to creditors of that priority on a pro rata basis. *Cox v. Cox (In re Cox)*, 247 B.R. 556 (Bankr. D. Mass. 2000). It is not disputed that the assets of this estate will be insufficient to pay all non-priority unsecured creditors in full.  The imposition of a constructive trust here would effectively give preference to the Plaintiffs over other creditors by giving the Plaintiffs exclusive rights to this one asset.

I do not understand the Bankruptcy Code to preempt the determination under state law of whether the property in question should be impressed with a constructive trust and effectively—by

9

operation of 11 U.S.C. § 541(d)—removed from the estate.  After all, the Bankruptcy Code's rules of distribution apply only to property of the estate.   Section 726(a), in particular states:  "*property of the estate* shall be distributed . . . ."  11 U.S.C. § 726(a) (emphasis added).   And § 541(d) is part of the Code's definition of property of the estate.

On the other hand, in making the state law determination of whether a particular asset should be impressed with a constructive trust, it is germane for the equitable decision to include consideration of the Trustee and creditors as parties in interest.  Is this a situation in which the creditor body would be unjustly enriched if the asset were not removed from the estate?  Do creditors in general have no fair claim to this asset?  A constructive trust is an equitable remedy, and equity would not be blind to these parties and considerations.

In view of these considerations, and on the uncontroverted facts, no constructive trust is appropriate here.  I base that conclusion on the following considerations.

First, Massachusetts law asks whether the defendant "*acquired* the property through fraud, mistake, breach of duty, or in other circumstances indicating that he would be unjustly enriched." *Fortin v. Roman Catholic Bishop of Worcester*, 416 Mass. at 789; *Nessralla v. Peck*, 403 Mass. at 762-763 (a court in equity generally may impose a constructive trust in order to avoid the unjust enrichment of one party at the expense of the other where the legal title to the property was *obtained* by fraud or in violation of a fiduciary relation).  Here there is no allegation that the Debtor "acquired" the property by inappropriate means.  The alleged wrong is that she contractually committed herself to transfer it to the Plaintiffs but has failed to do so.  The Massachusetts case law on constructive trusts is concerned with acquisition, and that this case does not fit that definition.  Therefore, even if this were a simple two-party dispute—between the Plaintiffs on the one hand and the Debtor on the other—and none of the other considerations below came into play, the Plaintiffs would have no right to the remedy of a constructive trust.

Second, the harm to the Plaintiffs is like the harm that has been suffered by virtually every creditor in this case.  The Debtor promised to transfer something to them—real estate to the Plaintiffs, money to the others—and failed to do so.  The Plaintiffs have no better right to a transfer of value from the Debtor than do other creditors.

Third, the Plaintiffs right to redress is, if anything, lesser than that of other creditors because it is in essence, the enforcement of a contract to make a gift.  The basis of their claim is a contract by which the Debtor and Sorzio agreed with each other to make reciprocal gifts:  he agreed to join her in giving one of their jointly owned properties to her daughter, and she in exchange agreed to join him in giving another of their jointly owned properties to his children, the Plaintiffs.  To be sure, there was consideration—his joining her in transferring jointly-held property to her daughter—but even the consideration was itself a gift:  the gift of property to the Debtor's daughter.  Nothing about this arrangement involved a transfer of reasonably equivalent value from the transferees to the Debtor and/or Sorzio for the gifts it was intended to effect.  The Debtor's other creditors, on the other hand, supplied goods and services to her in exchange for promises of payment.  It would be strange in a situation of bankruptcy or insolvency, where transfers for less than reasonably equivalent value are often subject to avoidance or recovery as fraudulent transfers, to *prefer* the claim of such a transferee over the claims of others who did give value.

Fourth, the Plaintiffs do not argue, and have adduced no evidence, that only the Property will suffice to make them whole, that damages would not also suffice.  It is true that if they are not permitted to take the property, they will not be made whole, but only because there is insufficient value in the estate to make all creditors whole, not because they must have their satisfaction in real estate.  In fact, in the State Court Action, the Plaintiffs sought redress first in the form of damages.  On these facts, the Plaintiffs' right to redress for the Debtor's breach of her contract with their father is a "claim" within the meaning of the Bankruptcy Code.  For purposes of the Bankruptcy Code, a claim is a "right to

payment" or a "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment." 11 U.S.C. § 101(5). The imposition of a constructive trust is an equitable remedy, but the wrong it would remedy is not, in this instance, one for which there does not exist an adequate remedy at law in the form of damages. Therefore, the Plaintiffs' right to imposition of a constructive trust, if they have one at all, is a "claim." See *In re CRS Steam, Inc.*, 225 B.R. 833, 841-842 (Bankr. D. Mass. 1998). There is no reason why their claim, like all others in this case, should not participate in the distribution of estate assets in the manner dictated by the Bankruptcy Code at 11 U.S.C. § 726(a).

The Plaintiffs advance three arguments why I should not find that the defendants are not entitled to judgment as a matter of law. First, they state:

> There is, however, vehement disagreement about the facts necessary to form a Constructive Trust and the time at which said Trust can be deemed to have been imposed. The fact-specific inquiry into the elements of a constructive trust and the need for an equitable remedy at law should be sufficient to defeat the Trustee's Motion for Summary Judgment, given that the major issue between the Parties is a determination that rests on an evaluation of the facts, rather than the imposition of a specific law to an agreed upon set of facts.

I understand the Plaintiffs to argue here that summary judgment should be denied because there exists a genuine issue of material fact. The existence of a genuine issue of material fact is of course reason to deny summary judgment, but the Plaintiffs only point out that the inquiry is fact-specific, not that a relevant fact is actually in controversy. They point to no fact, material or otherwise, as to which they contend that there exists a genuine issue. That the *law* concerning the utility of a constructive trust on the present facts may be unsettled is not itself cause to conclude that there is a genuine issue of material *fact*.

Second, the Plaintiffs would have the Court conclude that either of two events marked the moment at which a constructive trust arose in their favor: (a) the Debtor's refusal to sign the deed of the Property to the Plaintiffs, despite her Agreement to do so, in exchange for land being given for no additional consideration to her children; or (b) the jury's return of special verdicts in the State Court

12

Action that there was an Agreement between the Debtor and her late Husband to transfer the Property and that she refused to do so. I find no special significance in either event—and certainly not enough to override the considerations I outlined above. The Debtor's refusal to sign the deed was a breach of contract; the defendants concede this for purposes of the present motions. Her reason for refusing to transfer the property is unclear—neither party takes a position on what this reason was or suggests that it should affect the disposition of these motions[5]—but whatever the reason, the more significant events were the formation of the contract that obligated her to transfer the Property, and then Sorzio's joining in transferring their other property to the Debtor's daughter, which was the quid pro quo for the transfer that the Plaintiffs would now effect by imposition of a constructive trust. It is these events that created the obligation to transfer. I have explained above why that obligation does not in these circumstances justify the imposition of a constructive trust (as opposed to another remedy). With respect to the jury verdict, in view of the defendants' concession that the Debtor's refusal to convey the Property was a breach of contract, it adds nothing to the Plaintiffs' case. As the Plaintiffs concede, no judgment ever entered in the State Court Action, so the jury verdict has no preclusive effect of any kind. And the verdict addresses only whether there was a breach of contract, not what the remedy should be.

      Third, the Plaintiffs argue that, even if the Plaintiffs should have no priority over general unsecured creditors, they should at least have priority as to the Debtor, who, by virtue of her claim of exemption and approved agreement with the Trustee, stands to receive half of the proceeds from the sale of the Property. In view of her promise to transfer the remainder interest in the property to them, they argue, there is no reason why *she* should have priority as to the half of the proceeds payable to her. The Plaintiffs do not, by this argument, propose that the Court carve out for them the half of the proceeds that, under the Debtor's approved agreement with the Trustee, would be payable to her on

---

[5] The reason or motive is not mentioned in either party's statement of undisputed fact or response to the other's statement of undisputed facts.

account of her claim of exemption as to the Property. They merely argue that imposition of a constructive trust is appropriate because the Debtor would receive half the proceeds.

This argument is wrong at many levels. First, it cannot overcome the difficulty posed by the fact that a constructive trust is a remedy for wrongful acquisition of title, something not presented here. The Plaintiffs have no right to imposition of a constructive trust, even in a simple two-party dispute between themselves and the Debtor. Second, the Trustee's settlement agreement with the Debtor, which is approved and final, is a vehicle for half of the proceeds to become available to creditors; if the remainder interest in the Property were removed from the estate, creditors would receive less and possibly nothing.[6] It is not better for creditors to get less. Third, exemptions are an established part of both bankruptcy law and Massachusetts law, however galling that may seem to creditors in bankruptcy. Exemptions represent a legislative decision to give debtors limited priority as to certain assets. The Court is not free to limit or disallow an exemption for a reason not specified in the Bankruptcy Code. *Law v. Siegel*, ---U.S.---, 134 S.Ct. 1188 (2014) (disallowing a surcharge of a debtor's exemption, even for egregious misconduct, as contrary to the express provisions of 11 U.S.C. § 522). The immediate issue is not whether to surcharge an exemption but whether to impose a constructive trust in order to avoid the Debtor's receiving proceeds through the estate and her claim of exemption (an exemption being in essence a priority interest in estate property). Still, the effect would be similar to what *Law v. Seigel* prohibits. In any event, neither the surcharge of an exemption nor the imposition of a constructive trust is justified by the exceedingly common circumstance in bankruptcy that a debtor has failed to honor a contractual promise.

For these reasons, I conclude that there are no genuine issues of material fact and that, on the uncontroverted facts, the defendants are entitled to judgment as a matter of law. The Court will allow

---

[6] Though the parties have adduced no evidence of the value of the life estate that would remain were the present request for imposition of a constructive trust granted, it stands to reason that it would be appreciably less than a fee simple interest in the Property.

the Trustee's and Debtor's motions for summary judgment, deny the Plaintiffs' cross-motion, and enter judgment for the defendants.

Date:  February 5, 2015      _____
　　　　　　　　　　　　　　　　　　Frank J. Bailey
　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge